R. Edgar Thompson v. J. T. Robison, Commissioner of the General Land Office.

No. 4824. Decided November 21, 1928.
(10 S. W., 2d Series, 714.)

*Umphres, Mood & Clayton,* for relator.

*Claude Pollard,* Attorney-General, and *C. W. Truehart,* Assistant, for respondent Robison.

*Wm. Blakeslee,* respondent, *in pro. per.*

There can be no mistaking of the purpose of the co-respondent's by their answer to have an adjudication of their title to the interest in the minerals contained in the land owned by relator under his former land contract that had been forfeited, which they have the right to obtain. In Burford v. Burford *et al.,* 40 S. W., 602. We find a very similar case quite applicable.

In Wolf v. Wolf, 269 S. W., 488, it is said that where pleadings of both parties involve the same subject matter on which each sought affirmative relief, and right of either to relief depended upon the legal status of the judgment sued upon, the court properly refused to allow a non-suit. Also see cases therein cited. The following cases bear upon the rights of defendants in cases of this kind when tried in the District Court: French v. Groesbeck, 8 Texas Civ. App., 19; Akard v. W. Mortg. and Inv. Co., 34 S. W., 139; Jackson v. Furst, Edwards and Co., 154 S. W., 243.

The right of non-suit or to dismiss, under Article 2182 of the Revised Statutes, 1925, Title 42, Practice in District and County Courts, is restricted to practice in the district and inferior courts and can not be invoked in the Supreme Court.

Mr. Judge CRITZ delivered the opinion of the Commission of Appeals, Section A.

The pleadings and the records of the General Land Office show as follows:

"September 21, 1926.

"I, J. T. Robison, Commissioner of the General Land Office of the State of Texas, do hereby certify that the papers, documents and records of said office show:

"That Section 12, Blk. M–17, Cert. 201, D. & P. Ry. Co., in Hutchinson County, Texas was awarded to Henry Elder on November 30, 1898 on his application filed in this office on November 16, 1898 to purchase it as an actual settler at $1.00 per acre, the classification being grazing and the appraisement $1.00 an acre and that the required first payment of $16.00 was made to the State Treasurer as evidenced by his receipt and Elder's note or obligation for $624.00 bearing 3% interest was filed with said application to purchase:

"That Section 10, Blk. M–23, Cert. 1027, TC Ry. Co. in Hutchinson County, Texas, was awarded to Henry Elder on November 30, 1898 on his application filed in this office on November 18, 1898 to purchase same as addition to the aforesaid Section No. 12 at $1.00 an acre, the classification being dry grazing and the appraisement $1.00 an acre, and that the required first payment of $16.00 was made to the State Treasurer as evidenced by his receipt and Elder's note or obligation for $624.00 bearing 3% interest was filed with the aforesaid application to purchase;

"That by deed dated September 12, 1899 Henry Elder conveyed said two sections together with other lands to A. J. Seargent which deed was filed in this office November 11, 1899;

"That on January 13, 1902 A. J. Seargent filed in this office proof showing the occupancy of said Section No. 12 for the period of time required by law and a Certificate-of-Occupancy was issued on December 12, 1905;

"That by deed dated January 20, 1902 A. J. Seargent conveyed said Section 12 and 10 together with other lands to W. R. Haynie which deed was filed in this office on November 19, 1902;

"That by deed dated November 15, 1902 W. R. Haynie conveyed said Sections 12 and 10 together with other lands to Dave Pope which deed was filed in this office June 8, 1903;

"That by deed dated September 1, 1915 Dave Pope and wife, Mary Pope, conveyed said Sections 12 and 10 together with other lands to W. R. Lemons which deed was filed in the Land Office December 13, 1915;

"That by deed dated October 9, 1917, W. R. Lemons and wife, M. M. Lemons, conveyed said Sections 12 and 10 together with other lands to R. Edgar Thompson, a certified copy of which deed was filed in this office September 20, 1926;

"That on June 25, 1925, it appears from memoranda kept in this office a statement showing the interest due on said sections and stating that unless the accrued interest to November 1, 1922 was paid before September 1, 1925, the land would be forfeited, was mailed to R. Edgar Thompson at Plemons, Texas;

"That said two sections, Nos. 12 and 10 were forfeited for the nonpayment of interest on September 22, 1925, by the following entry made on the file wrapper, 'Land Forfeited, September 22, 1925, J. H. Walker, Acting Commissioner,' and a similar entry of this fact of forfeiture was made on the accounts kept with each of said sections and notice of the forfeiture of each section was mailed to the County Clerk of Hutchinson County, Texas, at the close of office hours on September 24, 1925;

"That Permit No. 10352 to prospect said Section 12 for oil and gas was issued on February 5, 1926 to Wm. Blakeslee on his application filed with the County Clerk of Hutchinson County, Texas on December 15, 1925, and in this office on January 9, 1926;

"That Permit No. 10353 to prospect said Section No. 10 for oil and gas was issued to Wm. Blakeslee on February 5, 1926 on his application filed with the County Clerk of Hutchinson County on December 15, 1925 and in this office January 9, 1926;

"That by deed dated June 3, 1926 and filed in this office July 7, 1926 Wm. Blakeslee conveyed said Permit No. 10352 covering said Section 12 to the Humble Oil and Refining Company;

"That the required payment of 10¢ an acre on each of said sections was made by the said Wm. Blakeslee when said applications were filed in this office and with the application was filed his affidavit showing his interest in other permit leases on mineral patents;

"That application to reinstate said Sections 12 and 10 was made February 19, 1926, on the behalf of R. Edgar Thompson by his attorneys, Eckhardt and Turpin and that the amount of money re-

quired to pay .the accrued interest to reinstate was tendered and the money returned for the reason the areas were covered by the aforesaid permits.

"In Testimony Whereof I hereunto set my hand and affix the seal of said office the date first above written.

(signed)    "J. T. Robison,
Commissioner."

The relator in his petition for mandamus prayed judgment of this court compelling and requiring the Commisioner of the General Land Office to cancel the mineral permit issued to William Blakeslee, and to either rescind the forfeiture endorsement on the wrapper pertaining to this land, or to re-instate said land, upon relator paying all past due interest, fees, and penalties.

The original petition for mandamus was filed in this court by the relator on April 6, 1927, and on February 29, 1928, the relator filed in this court a motion to dismiss his petition for mandamus against the respondent and all co-respondents, and if necessary, to withdraw this cause from submission in Section "A" of the Commission of Appeals in order that dismissal may be entered, and that such action be without prejudice to the right of relator R. Edgar Thompson, to bring and prosecute any suit, action or legal proceedings of any kind or nature that he may deem proper in the future, although the same subject-matter be at issue and among the same or any number of the same parties.

The respondent, the Land Commissioner, and the co-respondent, Blakeslee, the holder of the oil permit, contest the motion to dismiss, and, in our opinion, set up good and sufficient reasons why it would be unjust and inequitable to dismiss this application at this late date, and especially would such action be unjust and inequitable to the said Blakeslee, holder of the mineral permit, as rights under said permit have been called in question, and rendered uncertain by the filing of this application for mandamus, and by the action of this court in permitting the filing of same.

We are further of the opinion that the interests of the State, and the co-respondent, demand that said motion be refused, and that it is within the power of this court to refuse a motion to dismiss an .original mandamus, and that such power ought to be exercised where justice demands it.

All legal questions involved in the original mandamus proceedings have been fully discussed and decided in Cause No. 4825, S. H. Huggins v. J. T. Robison, Commissioner, et al., except that this case involves the forfeiture of Section 10, Block M–23, Certificate 1027,

T. C. R. R. Co., containing 640 acres of land in Hutchinson County, Texas, and this case is ruled by the decision in that case.

It also appears on the face of the record that the mineral permit issued to Wm. Blakeslee on February 5, 1926, has expired by operation of law under similar circumstances as set out in Cause No. 4825 above referred to.

We therefore recommend that the motion to dismiss the application for mandamus filed herein by relator be overruled, that the mandamus prayed for by relator be in all things refused and that the mineral permit issued to Wm. Blakeslee be adjudged to be in force for the length of time after final judgment herein that it would have been in force after the date relator was permitted to file application for mandamus, had said permission for application to file mandamus not been granted.

Opinion of the Commission of Appeals is adopted and mandamus refused and mineral permit adjudged extended as recommended by the Commission.

*C. M. Cureton,* Chief Justice.